**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

May 2, 2014

LETTER OPINION:

RE:   *Ronald Proctor v. Carolyn W. Colvin, Acting Commissioner of Social Security Administration*
      Civil No. TJS-11-2234

To the parties:

On August 12, 2011, the Plaintiff, Ronald Proctor ("Mr. Proctor"), petitioned this Court to review the Social Security Administration's final decision to deny his Title II Disability Insurance Benefits ("DIB"). (ECF No. 1). On February 2, 2014, the Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Acting Commissioner"), filed a motion for summary judgment. (ECF No. 27). Mr. Proctor, now proceeding *pro se*, has neither filed a motion for summary judgment nor has he filed an opposition or a response to the Acting Commissioner's motion for summary judgment. The Clerk's Office has notified Mr. Proctor of the filing of the Acting Commissioner's motion for summary judgment and the possible consequences of not responding to the motion. (ECF No. 28). On April 11, 2014, the Acting Commissioner's motion for summary judgment was referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] (ECF Nos. 2, 5). I find that no hearing is necessary. *See* Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion for summary judgment. This letter explains my rationale.

Mr. Proctor filed his application for DIB on October 31, 2008. (Tr. 147-48). Mr. Proctor alleged disability beginning on May 1, 2008 and later amended the date to October 31, 2008. (Tr. 29, 147-48, 173). The claim was denied initially on February 9, 2009 (Tr. 75-78) and on reconsideration on July 21, 2009. (Tr. 83-84). A hearing was held before an Administrative Law Judge ("ALJ") on December 10, 2010 and a supplemental hearing was conducted on April 5, 2010. (Tr. 27-51, 52-72). Mr. Proctor was represented by counsel during both hearings. On May 28, 2010, the ALJ determined that Mr. Proctor was not disabled under the Social Security Act. (Tr. 14-23). On June 17, 2011, the Appeals Council denied Mr. Proctor's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

---

[1] On December 8, 2011, this case was assigned to the Honorable Jillyn K. Schulze. (ECF No. 6). On April 11, 2014, this case was reassigned to me.

As Mr. Proctor is proceeding *pro se* and has not filed a motion for summary judgment or a response to the Acting Commissioner's motion for summary judgment, I have carefully reviewed the ALJ's opinion and the entire record to determine whether the Acting Commissioner followed the administrative regulations; whether the ALJ's findings comport with the applicable law; and, finally, whether the ALJ's findings are supported by substantial evidence. *See Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (stating that, in the case of a *pro se* claimant, a court must be satisfied that the claimant received a full hearing "in accordance with the beneficent purposes of the Act"); *Robinson v. Sec'y of Health and Human Servs.*, 733 F.2d 255, 258 (2d Cir. 1984) (noting that on appeal "the reviewing court must make a searching investigation of the record to ensure that the claimant's rights were protected") (internal quotation omitted).

The ALJ evaluated Mr. Proctor's claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Mr. Proctor was not engaged in substantial gainful activity, and had not been engaged in substantial gainful activity since the date of his application. (Tr. 16). At step two, the ALJ found that Mr. Proctor suffered from the severe impairments of obesity, congestive heart failure, foot disorder, and central retinal vein occlusion, and cited evidence in the record to support the clinical and diagnostic findings demonstrating severity. (Tr. 17). At step three, the ALJ found that Mr. Proctor's impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings") (Tr. 17). The ALJ particularized the findings relating to Mr. Proctor's vision and heart conditions to support the conclusion that he did not meeting any of the Listings. (Tr. 17).

Before proceeding to step four, the ALJ provided a summary of Mr. Proctor's testimony at both hearings. (Tr. 18-21). The ALJ also summarized findings from medical care providers (Tr. 19), and the state agency consultant. (Tr. 20). The ALJ determined that Mr. Proctor had the RFC to perform light work as defined in 20 C.F.R. 416.976(b), and with the other limitations set forth above. (Tr. 17). The ALJ properly considered Mr. Proctor's credibility and reached an adverse determination, which the ALJ supported by citing to inconsistencies between Mr. Proctor's testimony and medical evidence in the record. (Tr. 18-19). In addition, the ALJ properly considered and evaluated the opinion evidence of medical providers as well as a consultative examination. (Tr. 19-21). The ALJ found that despite his severe impairments, Mr. Proctor retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except with the following limitations. The claimant retains the ability to lift ten pounds frequently and twenty pounds occasionally. He has no limitations on walking, standing, pushing, or pulling. In addition, he has the following postural limitations. He could not perform any work involving the use of ladders, ropes or scaffolds. The other postural limitations can be performed occasionally, such as using stairs or ramps, balancing, kneeling, crawling, crouching, squatting, bending, or stooping. He is limited to climbing one flight of stairs at a time, and can only walk a couple of blocks at a time. Due to loss of vision in claimant's right eye, he is precluded from working requiring full field of vision, stereopsis, or depth perception. Finally, he should not be exposed to work involving hazards such as

machinery or unprotected heights.

(Tr. 17). The ALJ took testimony from a vocational expert regarding whether Mr. Proctor could perform his past relevant work and determined that he could not, which concluded the ALJ's analysis at step four. (Tr. 21).

At step five, the burden shifts to the Acting Commissioner to show that there are other jobs in the significant numbers in the national economy that Mr. Proctor can perform that are consistent with his RFC. (Tr. 21-23). The ALJ credited the testimony of a vocational expert and found that given Mr. Proctor's "age, education, work experience and residual functional capacity, [he] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 22-23). Therefore, the ALJ found that Mr. Proctor was not disabled under the Social Security Act. (Tr. 23).

For the reasons set forth above and based on a review of the entire record, there is substantial evidence to support the ALJ's decision. Even though Mr. Proctor is proceeding *pro se*, the Court does not review Mr. Proctor's claims *de novo* or engage in any analysis to reweigh the evidence. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). In fact, the Court is limited to determining whether the decision of the Acting Commissioner denying Mr. Proctor's claim for DIB is supported by substantial evidence and was done in accordance with the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Having reviewed the entire record, I find that there is substantial evidence to support the decision of the Acting Commissioner to deny benefits to Mr. Proctor and to conclude that he is not disabled under the Social Security Act.

For the reasons set forth herein, the Acting Commissioner's Motion for Summary Judgment (ECF No. 27) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge